UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:13-MJ-175PAS |
| | : | |
| JERONIMO RAMOS | : | |

**MEMORANDUM AND ORDER**

Defendant Jeronimo Ramos is charged by a criminal complaint alleging conspiracy to possess with intent to distribute and attempt to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. On April 24, 2013, Defendant appeared before this Court for a preliminary hearing pursuant to Fed. R. Crim. P. 5.1. He was represented by appointed counsel at this hearing. At the conclusion of the hearing, this Court took the issue of probable cause under advisement. For the reasons stated below, I now find that the government has established probable cause pursuant to Fed. R. Crim. P. 5.1(e) to believe that the offenses were committed and that Ramos committed them.

**Discussion**

**A. Preliminary Hearing Standards**

The Government's burden to establish probable cause at this preliminary stage is low. A preliminary hearing under Fed. R. Crim. P. 5.1 is narrow in scope. Its purpose is solely to test whether probable cause exists as to the offense charged. It is not a discovery mechanism for defendants, and is not a trial to determine guilt or innocence. Although mere suspicion does not suffice, probable cause may be found where there is a "fair probability," based on the totality of the circumstances, that a defendant committed the offense charged. See United States v. Mims, 812 F.2d 1068, 1072 (8th Cir. 1987) (quoting Illinois v. Gates, 462 U.S. 213, 231 (1983)). With

the exception of the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings. Fed. R. Evid. 1101(d)(3). As a result, the probable cause finding may be based, in whole or in part, on hearsay evidence.

### B. Probable Cause

To establish probable cause, the government relied upon the sworn Affidavit of DEA Task Force Officer Dennis Smith, who also testified on direct and cross examination at the hearing. The government easily met its burden.

The Smith Affidavit relates a series of telephone and in-person conversations between Ramos and two cooperating witnesses, as well as with undercover DEA Task Force Officer Estevez, during which he and his codefendant Walter Aceituno[1] (i) discussed the possibility that Ramos and Aceituno would make multiple cocaine purchases; (ii) participated in an in-person meeting during which they negotiated a transaction to purchase two kilograms at the price of $28,000 per kilogram; and (iii) returned with $28,000 in cash to complete the transaction, at which point both were arrested. While he had not listened to them, Detective Smith testified that recordings had been made of Defendant's inquiries about the sale of cocaine by telephone, and of the in-person meeting with one of the cooperating witnesses and Officer Estevez, in the course of which Ramos agreed to purchase cocaine at $28,000 per kilogram and inquired about the purity of the cocaine. The information in his Affidavit and his testimony about these conversations was based on what he was told by Officer Estevez regarding what Ramos said at the in-person meeting, and on what he was told by another agent who had listened to the recorded calls regarding what was said about making multiple purchases of cocaine.

Detective Smith's Affidavit, supplemented by his testimony, included his personal observation of Ramos returning in a vehicle with the $28,000 in cash, the previously agreed price

---

[1] Mr. Aceituno is charged by criminal complaint 1:13-MJ-176PAS.

for one kilogram of cocaine. When the vehicle was stopped and Defendant and his codefendant apprehended, Detective Smith searched the vehicle and found $28,000 in currency. Finally, Detective Smith testified regarding his first hand observation of the post-Miranda questioning of Ramos, during which he admitted to having attended the meeting with the cooperating witness and undercover Officer Estevez, although he claimed that he understood that the purpose of the meeting was to negotiate the purchase of a small amount of marijuana and a small quantity of cocaine. Detective Smith was able to identify Defendant Ramos as the individual he had observed.

     Defendant requested a continuation of the hearing for the production of the tape recordings of the conversations regarding the sale of cocaine with the two cooperating witnesses that led up to the restaurant meeting, as well as other audio and video recordings of the events described in the Affidavit, as the best evidence to establish probable cause. The Court denied this motion as an improper attempt to obtain discovery. In any event, the Court found more than sufficient the testimony of Detective Smith regarding his conversation with Officer Estevez, who was a direct participant in the key meeting at the restaurant to negotiate the transaction: she informed Detective Smith what was discussed, including that Defendant Ramos discussed the cash purchase of two kilograms of cocaine for $28,000 per kilogram and agreed to drive back to the barbershop where he and his codefendant worked in Pawtucket, Rhode Island, and to return to the restaurant with the money to complete the cocaine purchase.[2]

---

[2] Defendant also attempted to invoke Fed. R. Crim. P. 26.2, seeking a continuance of the hearing to require the government to produce Detective Smith's narrative report regarding the events culminating in the arrest of Defendant. See Fed. R. Crim. P. 5.1(h) (Rule 26.2's requirement that the government must produce any statement after a witness has testified on direct examination applies at the preliminary hearing). After Detective Smith clarified that his narrative report had not yet been prepared, this motion was withdrawn.

Viewing this evidence in its entirety and in a practical, common sense fashion, this Court concludes that the evidence presented by the government meets its burden of establishing probable cause that Defendant Ramos committed the offenses charged in the criminal complaint. So ordered.

ENTER:


/s/ Patricia A. Sullivan_____
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 25, 2013